UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER M. MENDOZA,<br><br>                           Plaintiff,<br><br>v.<br><br>DOE #1, et al.,<br><br>                          Defendants. | Case No.: 16cv2184 WQH (BGS)<br><br>**ORDER:**<br>**(1) DENYING APPOINTMENT OF COUNSEL [ECF 22] and**<br>**(2) DENYING REQUESTS FOR EXTENSION OF TIME [ECF 24, 28]**<br><br>[ECF Nos. 22, 24, 28] |

Plaintiff Christopher M. Mendoza's has submitted a number of filings to the Court. (ECF Nos. 22, 24, 28.) The Court addresses the motions and issues raised in the filings.[1]

---

[1] Some possible issues are noted in the context of requesting appointment of counsel or in regards to other matters without seeking any specific relief from the Court. To the extent Plaintiff is requesting a ruling or some action by the Court not addressed below, he should file a motion indicating in the caption what he wants from the Court followed by an explanation in the filing why he is seeking what he is seeking.

1

## I. Appointment of Counsel

Plaintiff has filed a request for appointment of counsel.[2] (ECF No. 22.) Plaintiff notes that courts may have attorneys available for appointment and requests that counsel be appointed to represent him. (*Id.* at 1-2.) Plaintiff sets forth a number of reasons he needs counsel appointed: (1) he believes his case is meritorious, (*Id.* at 2-5, 10-11), (2) he needs assistance responding to and obtaining discovery from Defendant, (*id.* at 7-8), and (3) he believes he is more likely to succeed on his claims with the assistance of counsel, (*id.* at 1).

"[T]here is no constitutional right to appointed counsel for § 1983 claims . . . ." *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *see also Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) ("Generally, a person has no right to counsel in civil actions."). "However, a court may under 'exceptional circumstances' appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1)." *Palmer*, 560 F.3d at 760 (citing *Agyeman v. Corrs. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004)). "When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Id.* (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). "Neither of these considerations is dispositive and instead must be viewed together." *Id.*

Plaintiff has not shown exceptional circumstances warranting appointment of counsel. Plaintiff has shown his ability to present both factual and legal arguments to the

---

[2] This filing lacks a caption indicating what Plaintiff is seeking. (ECF No. 22 at 1.) However, the Court has reviewed the filing and construes it as a request for appointment of counsel based on that specific request appearing early in the filing, (*id.* at 2), and the general substance of the filing. Plaintiff references other issues within the motion, including settlement, amendment of a complaint (without explanation), and discovery requests, however, it appears he is identifying matters appointed counsel could help him address.

Court, and appears to have a basic understanding of the legal process. For example, the Court found Plaintiff's complaint contained allegations sufficient to survive the *sua sponte* screening required by 28 U.S.C. §§1915(e)(2) and 1915A(b). (*See* ECF No. 3 at 3-5.) And, Plaintiff has also adequately drafted a response to and successfully opposed a motion to dismiss. (*See* ECF Nos. 11 and 15.) Additionally, it does not appear that the legal issues involved are so complex that counsel is warranted at this stage of the proceedings. *See Wilbron v. Escalderon*, 789 F.2d 1328, 1331 (noting that, "[i]f all that was required to establish successfully the complexity of the relevant issues was a demonstration of the need for development of further facts, practically all cases would involve complex legal issues."). Although Plaintiff had some success at the pleading stage of this case, when his likelihood of success is considered in conjunction with his ability to articular his claims and the complexity of the issues involved, he has not shown exceptional circumstances justifying appointment of counsel.

Accordingly, the Court **DENIES** Plaintiff's request for appointment of counsel. (ECF No. 22.)

## II.     Extensions of Time

Plaintiff has filed two requests seeking additional time to meet with opposing counsel regarding a Joint Discovery Plan and submit it jointly to the Court.[3] (ECF Nos. 24, 28.) Plaintiff alleges numerous instances of obstacles he has encourted in Riverside County that have made it difficult for him to timely submit filings to the Court. (*Id.* at 1-7.) Plaintiff assures the Court that he will be diligent, including describing the resources

---

[3] Although Plaintiff mentions Federal Rule of Civil Procedure 15(a) in ECF 24 and 28, he does so in the context of indicating that he is not seeking to serve doe defendants, (ECF No. 24 at 11 ECF No. 28 at 3), and does not identify any amendment he proposes to make to his Complaint. (ECF No. 24 at 11; ECF No. 28 at 11.) To the extent Plaintiff seeks any extension of the deadlines in the Scheduling Order or any other relief from the Court, he should file a request identifying the relief he seeks in the caption and explaining why he believes he is entitled to the relief in the text of the filing.

he has available and his general background. (*Id.* at 8-12.)

Since the first request was filed, Plaintiff and Defendant have both submitted separate discovery plans, (ECF Nos. 20, 26), and the Court issued a Scheduling Order for this case. (ECF No. 19.) Because the Court has already set the schedule for the case, Plaintiff's requests to extend the time to meet with opposing counsel and file a Joint Discovery Plan are **DENIED** as moot. (ECF Nos. 24, 28.)

**IT IS SO ORDERED.**

Dated: April 5, 2018

_____
Hon. Bernard G. Skomal
United States Magistrate Judge