UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER M. MENDOZA,<br><br>                           Plaintiff,<br><br>v.<br><br>DOE #1, et al.,<br><br>                          Defendants. | Case No.: 16cv2184 WQH (BGS)<br><br>**ORDER:**<br>**(1) SETTING DEADLINE FOR DEFENDANT TO RESPOND TO MOTION TO COMPEL**<br>**(2) SETTING BRIEFING SCHEDULE ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**<br>**(3) DENYING OTHER REQUESTS [ECF 37, 39]**<br><br>[ECF Nos. 37, 39, 43, 45, 51] |

Plaintiff Christopher M. Mendoza has submitted a number of filings to the Court. (ECF Nos. 37, 39, 41, 43, 45, 47, 49, 51.) The Court addresses the motions and issues raised in the filings and orders Defendant to respond to Plaintiff's motions as appropriate.

**I.    Use of Deposition** [ECF 37]

Plaintiff has submitted a filing with a caption referencing Federal Rule of Civil Procedure 32, stating "Using Depositions in Court Proceedings" and "Limitations on Use [of] Unavailable Deponent" with a reference to Federal Rule of Civil Procedure

1

30(a)(1)(A)(iii). The filing goes on to request "the deposition not be used." A discussion follows regarding Plaintiff's unsuccessful efforts to retain counsel. And then, Plaintiff requests a copy of the deposition. There is no explanation as to whose deposition Plaintiff does not want used.

As an initial matter, the request is denied because as to both Defendant not using the deposition and Plaintiff obtaining a copy of it, it is unclear what deposition Plaintiff is referencing.

The discussion of Plaintiff's efforts to retain counsel, the reference to Rule 32, the quoting of "Limitations on Use," and a cross reference to Rule 30(a)(2)(A)(iii) suggests Plaintiff maybe referencing his own deposition and seeking to preclude the use of it under Rule 32(a)(5)(B). Rule 32(a)(5)(B) may preclude use of a deposition "against a party who shows that, when served with the notice, it could not, despite diligent efforts, obtain an attorney to represent it at the deposition." Fed. R. Civ. P. 32(a)(5)(B). To the extent Plaintiff is seeking to preclude Defendant's use of Plaintiff's deposition in this case based on Rule 32(a)(5)(B), the request is denied. This provision applies when a deposition is "taken without leave of court." This Court granted Defendant leave to take Plaintiff's deposition in its Order of September 29, 2017.

Plaintiff's request to preclude the use of a deposition is **DENIED** without prejudice.

## II. Request for Production of Documents [ECF No. 39]

Plaintiff has submitted a document that appears to be a request for Defendant to produce documents. A request for production of documents should not be filed with the Court. CivLR 33.1(c) ("Unless filing is ordered by the court on motion of a party or upon its own motion, interrogatories, requests for production of and the answers thereto need not be filed unless and until they are used in the proceeding.") To the extent Plaintiff intends this filing as a motion to compel a response from Defendant to these requests, it is **DENIED**. Plaintiff has not indicated that this request was served on Defendant, when it was served, when a response was due, or that Defendant failed in any

2

respect to respond. Plaintiff may not, in the first instance, submit discovery requests for Defendant to the Court. Any future filings of discovery requests for Defendant will be rejected for filing.

**III. Interrogatories** [ECF No. 43]

Plaintiff appears to be submitting interrogatories he is propounding on Defendant to the Court. Interrogatories should not be filed with the Court. CivLR 33.1(c) ("Unless filing is ordered by the court on motion of a party or upon its own motion, interrogatories, requests for production of and the answers thereto need not be filed unless and until they are used in the proceeding.") To the extent Plaintiff intends this filing as a motion to compel a response from Defendant to the interrogatories, it is **DENIED**. Plaintiff has not indicated that this request was served on Defendant, when a response was due, or that Defendant failed to fully respond. Plaintiff may not, in the first instance, submit discovery requests for Defendant to the Court. Any future filings of discovery requests for Defendant will be rejected for filing.

**IV. Ex Parte Letter** [ECF 51]

Plaintiff has filed a document addressed to the undersigned and described as a "personal letter." Ex parte communication with the Court is prohibited. Plaintiff may not send personal letters or engage in any ex parte communication with the Court unless ordered to do so.[1] Although it does appear Plaintiff is taking issue with difficulties communicating with counsel for Defendant and Defendant not having produced documents that may have been requested by Plaintiff, the Court cannot rule on requests presented in a personal letter to the Court. If Plaintiff seeks to compel further responses to discovery already propounded on Defendant, he may file a motion to compel further responses. He will need to identify the discovery requested, when it was requested, when

---

[1] For example, Plaintiff could mail his confidential statement for the Mandatory Settlement Conference to the Court on an *ex parte* basis. However, this is only allowed because it has been ordered by the Court.

it was served, when the response was due, and, if any response was received, why that response was deficient. The Court will then order the Defendant to respond to Plaintiff's motion. This will allow the Court to consider both parties' positions on the issue.[2]

## V. Appointment of Counsel and Continuance [ECF 45]

### A. Appointment of Counsel

Plaintiff has filed another request for appointment of counsel. Plaintiff appears to seek appointment of counsel a second time for purposes of assisting him in obtaining discovery from Defendant and to obtain assistance at trial.

As the Court explained in its prior order regarding appointment of counsel, "there is no constitutional right to appointed counsel for § 1983 claims . . . ." *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *see also Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) ("Generally, a person has no right to counsel in civil actions."). "However, a court may under 'exceptional circumstances' appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1)." *Palmer*, 560 F.3d at 760 (citing *Agyeman v. Corrs. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004)). "When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Id.* (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). "Neither of these considerations is dispositive and instead must be viewed together." *Id.*

As the Court also explained in its previous denial of counsel, Plaintiff has not shown exceptional circumstances warranting appointment of counsel. Plaintiff has shown his ability to present both factual and legal arguments to the Court, and appears to have a basic

---

[2] Although the Court understands Plaintiff's incarceration presents challenges in communicating, the Court expects the parties to attempt to resolve discovery disputes informally without Court intervention to the extent possible. Any briefing on a dispute regarding discovery must explain efforts made to meet and confer and all attempts to resolve the dispute before seeking Court intervention.

understanding of the legal process. For example, the Court found Plaintiff's complaint contained allegations sufficient to survive the *sua sponte* screening required by 28 U.S.C. §§1915(e)(2) and 1915A(b). (*See* ECF No. 3 at 3-5.) And, Plaintiff has also adequately drafted a response to and successfully opposed a motion to dismiss. (*See* ECF Nos. 11 and 15.) Plaintiff's recent filings also suggest he is capable of propounding discovery on Defendant.³ Additionally, it does not appear that the legal issues involved are so complex that counsel is warranted at this stage of the proceedings. *See Wilbron v. Escalderon*, 789 F.2d 1328, 1331 (noting that, "[i]f all that was required to establish successfully the complexity of the relevant issues was a demonstration of the need for development of further facts, practically all cases would involve complex legal issues."). Although Plaintiff had some success at the pleading stage of this case, when his likelihood of success is considered in conjunction with his ability to articular his claims and the complexity of the issues involved, he has not shown exceptional circumstances justifying appointment of counsel.

Accordingly, the Court **DENIES** Plaintiff's request for appointment of counsel without prejudice.

**B.     Continuance**

Plaintiff's request for appointment of counsel seems to request either in conjunction with appointment of counsel or, in the alternative, that he be granted a continuance. The Court construes this as a request for a continuance of Plaintiff's deadline to file an opposition to Defendant's motion for summary judgment and **GRANTS** the request. Plaintiff's deadline to respond to Defendant's pending motion for summary judgment is

---

³ As to Plaintiff's concerns regarding the absence of counsel at trial, the Court finds that concern premature as there is a motion for summary judgment filed by Defendant pending and Plaintiff has also filed a motion for summary judgment. The case may not even proceed to trial.

extended from June 4, 2018 to **June 18, 2018**. Defendant shall file a Reply to the Opposition on or before **July 2, 2018**.

## VI. Briefing

### A. Motion to Compel [ECF 41]

Plaintiff has filed a Motion to Compel. Defendant shall file an Opposition to the Motion on or before **June 15, 2018**.

### B. Plaintiff's Motion for Summary Judgment [ECF 47, 49]

Plaintiff has filed a Motion for Summary Judgment. (ECF 47.) Plaintiff has also submitted a Declaration. (ECF 49.) Because it appears Plaintiff may have intended to file the Declaration in support of his Motion for Summary Judgment, the Court will consider it in support of the Motion. To the extent Plaintiff submitted the Declaration for any other purpose, he must refile it in conjunction with a motion or other filing that provides an explanation why he is submitting to the Court.

The Court orders the following briefing schedule for Plaintiff's Motion for Summary Judgment:

- Defendant shall file an Opposition to Plaintiff's Motion for Summary Judgment on or before June 19, 2018
- Plaintiff may file a Reply to the Opposition on or before July 6, 2018.

**IT IS SO ORDERED.**

Dated: May 29, 2018

_(signature)_
Hon. Bernard G. Skomal
United States Magistrate Judge