UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER M. MENDOZA,<br><br>                              Plaintiff,<br><br>v.<br><br>DOE #1, et al.,<br><br>                             Defendants. | Case No.: 16cv2184 WQH (BGS)<br><br>**ORDER:**<br>**(1) GRANTING REQUEST FOR COPY OF ECF NO 54**<br>**(2) SETTING DEADLINE FOR DEFENDANT TO RESPOND TO MOTION TO COMPEL RESPONSE TO REQUEST FOR ADMISSIONS**<br>**(3) CONTINUING MANDATORY SETTLEMENT CONFERENCE TO AUGUST 16, 2018** |

Plaintiff Christopher M. Mendoza has submitted a number of filings to the Court. (ECF Nos. 65, 67, 69, 71.) The Court addresses the issues raised in the filings as set forth below.

**I.   Plaintiff's Ex Parte Motion Without Hearing from All Sides** [ECF No. 65]

Plaintiff has submitted a document titled "Plaintiff's Ex Parte Motion Without Hearing from All Sides." (ECF 65.) It appears Plaintiff is requesting a copy of Defendant Deputy Ancho's Opposition to Plaintiff's pending Motion to Compel and

verification of the date of the Mandatory Settlement Conference. Plaintiff also references needing his filings served on Defendant.

Plaintiff's request for a copy of Defendant's Opposition to the Motion to Compel is **GRANTED**. In conjunction with the mailing of this Order to Plaintiff, the Clerk shall include a copy of ECF No. 54, Defendant's Response in Opposition to Plaintiff's Motion to Compel. As to Plaintiff's reference to serving Defendant with his filings, it is Plaintiff's responsibility to serve Defendant with any of his filings by mail. The Court's September 6, 2016 Order mandates that "Plaintiff must serve upon the Defendants or, if appearance has been entered by counsel, upon Defendants' counsel, a copy of every further pleading or other document submitted for consideration by the Court." (ECF 3 at 6.) It further requires that "Plaintiff must include with the original paper to be filed wih the Clerk of the Court, a certificate stating the manner in which a true and correct copy of the document was served on the Defendants, or counsel for Defendants, and the date of the service."[1] (*Id.*) Plaintiff's failure to comply may result in the document being disregarded. (*Id.*) The Mandatory Settlement Conference is addressed below.

**II. Letter and Ex Parte Motion for MSC** [ECF Nos. 69, 67]

Plaintiff has submitted a portion, one page, of an unsigned Declaration of Defendant's counsel. (ECF 69.)[2] Plaintiff appears to argue that Defendant's mailing of a letter to him regarding the Rule 26(f) conference in October of 2017 provided insufficient time for him to respond. (*Id.*) Similarly, Plaintiff has filed an "Ex Parte Motion in For the MSC" in which he also raises an issue regarding delays in the mail in September and October 2017 and notes his unsuccessful efforts to contact Defendant's counsel by phone in this time frame. (ECF 67.) In this same filing, Plaintiff makes reference to the

---

[1] The Court notes that some of Plaintiff's mailings to the Court include a document captioned "proof of service," but do not indicate that the document has been served on the Defendant by mailing it to the Defendant.

[2] A complete and signed version of this Declaration was submitted in support of Defendant's Proposed Discovery Plan.

upcoming Mandatory Settlement Conference. (*Id.*)

As to communications between the parties regarding the Rule 26(f) conference, whether by phone or mail, in 2017, it is unclear why Plaintiff is raising this issue more than eight months later. Accordingly, there is no action for the Court to take. To the extent Plaintiff is seeking some relief from the Court related to this, he must file a motion explaining what relief he is seeking from the Court that explains why he is entitled to the relief requested. To the extent this relates to a matter already pending before the Court, Plaintiff must identify in the caption what matter it relates to and explain in the filing why the Court should consider it for that purpose.

As to Plaintiff's inquiry regarding the Mandatory Settlement Conference, the Court has rescheduled it as set forth below.

**III. Plaintiff's First Request for Admissions** [ECF 71]

Plaintiff has submitted a filing captioned Plaintiff's First Request for Admissions. (ECF 71.) The caption would suggest that Plaintiff is again improperly submitting his discovery requests for Defendant to the Court, however, the substance of the document, particularly on page two, suggests that Plaintiff is seeking to compel a response to his First Request for Admissions. (ECF 71 at 2 ("Memorandum of Points and Authorities in Support of Motion for Admissions.")) Given the foregoing, the Court orders Defendant to file a response to it by **August 1, 2018**.

**IV. Mandatory Settlement Conference**

Given Plaintiff's concerns regarding the date of the Mandatory Settlement Conference, the Mandatory Settlement Conference is continued to **August 16, 2018 at 10:00 a.m.** As indicated in the Court's September 17, 2017 Order, counsel for Defendant shall coordinate the arrangements for Plaintiff's telephonic appearance at the Mandatory Settlement Conference.

///
///
///

3

16cv2184 WQH (BGS)

## CONCLUSION

The Clerk shall mail a copy of ECF No. 54, Defendant's Response in Opposition to Plaintiff's Motion to Compel, to Plaintiff with this Order. Defendant shall file a response to Plaintiff's First Request for Admissions by August 1, 2018.

**IT IS SO ORDERED.**

Dated: July 17, 2018

Hon. Bernard G. Skomal
United States Magistrate Judge