UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER M. MENDOZA,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>DOE #1, et al.,<br><br>　　　　　　　　　　Defendants. | Case No.: 16CV2184 WQH (BGS)<br><br>**ORDER ON PENDING MOTIONS**<br><br>[ECF 41, 71, 87, 92, 96, 103, 105, 107, 112, 116, 118, 120, 122, 126, 130, 134, 136, 139] |

This order addresses numerous pending motions filed by Plaintiff Christopher M. Mendoza.[1] Although many are challenging to decipher, the Court has grouped them into four categories discussed below: (1) requests for sanctions; (2) requests for discovery; (3) requests to amend the scheduling order; and (4) requests for a variety of conferences. For the reasons set forth below, they are all **DENIED**.

## BACKGROUND

The Court issued a Scheduling Order in this case on September 29, 2017. (ECF 19.) The Order noted that a Case Management Conference was not required, authorized the deposition of Plaintiff, and set the schedule for the case. (*Id.*) The Order did include

---

[1] The Court will be issuing a Report and Recommendation to the assigned district judge addressing the pending dispositive motions.

direction to the parties to meet regarding a joint discovery plan and file that plan with the Court, but it also set out all the deadlines that would apply to the case, including completion of fact discovery by January 8, 2018 and the filing of any pretrial motions by May 7, 2018. (*Id.*) A Rule 26(f) conference was not required in this case. Fed. R. Civ. P. 26(f)(1).

Although Plaintiff speculates otherwise, Deputy Ancho's counsel explained in detail her efforts to reach Plaintiff in preparation of the plan. (ECF 20.) Plaintiff and Deputy Ancho ultimately filed separate discovery plans due to their inability to get in touch with each other. (*Id.*; ECF 26.) Neither party requested modification of the Court's Scheduling Order in those submissions. (*Id.*)

On May 7, 2018, the deadline to file pretrial motions, Deputy Ancho filed a Motion for Summary Judgment. (ECF 34.) The Court issued a *Klingele/Rand* Notice to Plaintiff and set the briefing schedule on the motion. (ECF 34) Plaintiff filed his own Motion for Summary Judgment on May 16, 2018.[2] (ECF 47.) In conjunction with his Motion for Summary Judgment, Plaintiff also filed numerous requests related to discovery. As explained below, this was the beginning of an onslaught of filings that would not stop until Plaintiff completely abandoned this case.

## DISCUSSION

Given the volume of Plaintiff's filings, the Court has grouped them below and addresses them by category based on the Court's best assessment what he is seeking. Some of them appear in multiple categories because a filing appears to raise multiple issues.

### I. Sanctions

The Court addresses one overarching issue at the outset. The Court is not persuaded that Plaintiff's inability to communicate with counsel for Deputy Ancho

---

[2] The filing was received on May 16, 2018, but dated May 13, 2018, after the deadline to file pretrial motions.

warrants sanctioning Deputy Ancho's counsel or an award of any other relief to Plaintiff. (ECF 92, 96, 103, 107, 112.) Accordingly, those requests are **DENIED**. Additionally, as relevant to the other issues addressed below, it also does not justify Plaintiff's delays in raising any of these issues. Plaintiff has relentlessly complained about counsel not getting in touch with him about preparation of a joint discovery plan early in this case. Once the parties submitted their plans separately and no modification of the Scheduling Order was warranted, there was no further need to meet regarding that plan. Plaintiff has demonstrated his ability to draft and mail documents, a course he could have followed in serving discovery on Deputy Ancho. That counsel for Deputy Ancho was difficult to reach via phone does not justify Plaintiff ignoring this case for months during fact discovery and then belatedly blaming Deputy Ancho's counsel for his lack of diligence.

## II. Discovery Related Filings

Plaintiff has sought to compel discovery or otherwise raised discovery issues through various filings.[3] (ECF 41, 71, 87, 103, 107, 112, 116, 130, 136.) Plaintiff has not established that any of the discovery requests were served on Deputy Ancho during the fact discovery period. The requests are denied on that basis. Even if the Court assumes Plaintiff did timely serve the requests on Deputy Ancho, Plaintiff did not timely raise the lack of response or objection by Deputy Ancho, with the Court. As noted above, (*see* I.), the communication difficulties between Plaintiff and counsel for Deputy Ancho do not justify Plaintiff's extensive delay. Fact discovery closed on January 8, 2018 and Plaintiff's earliest attempts to obtain relief from the Court related to discovery were filed five months later in May 2018. All the requests that followed in later months were even more untimely. The requests are also denied on this basis. Additionally, the Court has set numerous conferences to address this case, including to address these requests. Plaintiff has failed to appear numerous times and has also failed to justify his

---

[3] Some of his requests have already been addressed by prior Court orders. The Court only addresses those that are currently pending in this Order.

failure to appear. In addition to the reasons set forth above, the Court finds he has waived these issues by failing to appear and address them numerous times. These requests are **DENIED**.

### III. Requests to Amend the Scheduling Order

Plaintiff has submitted numerous filings that the Court construes as requests to amend the Court's Scheduling Order. (ECF 103, 105, 107, 120, 134, 139.) These requests commenced in October 2018, seemingly in an attempt to reopen discovery, but fact discovery had closed more than eight months prior. The filings do not justify essentially restarting this case more than two years after it was commenced and months after the close of discovery and the filing and briefing of dispositive motions. The requests are denied on this basis. Additionally, the Court has set numerous status conferences in this case to attempt to efficiently address these requests and others. Plaintiff has failed to appear for the conferences and failed to justify his failure to appear. Accordingly, in addition to the reasons for denial set forth above, the Court also finds Plaintiff has waived these issues by abandoning the case and denies them on this basis as well. These requests are **DENIED**.

### IV. Requests for Conferences

Plaintiff has submitted a variety of filings that in some form or another seem to request some sort of conference before the Court. (ECF 103, 105, 118, 122, 126.) The Court has set numerous conferences in this case and Plaintiff has failed to appear for them. Accordingly, these requests are **DENIED**.

**IT IS SO ORDERED.**

Dated: February 7, 2019

Hon. Bernard G. Skomal
United States Magistrate Judge